UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANEIS MARDIA GARCIA,

                Plaintiff,

- against -

KINGS COUNTY HOSPITAL CENTER and
MELISSA WALTERS,

                Defendants.

**OPINION AND ORDER**

16 Civ. 3151 (ER)

Ramos, D.J.:

    *Pro se* plaintiff Shaneis Mardia Garcia brings this action pursuant to the Americans with Disabilities Act of 1990 ("ADA") against Kings County Hospital Center and Melissa Walters, alleging employment discrimination and retaliation on the basis of her disability. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Defendants' motion to dismiss is GRANTED.

**I. Factual Background**

    Plaintiff's submissions are poorly written and poorly organized. However, the Court remains obligated to construe a *pro se* complaint liberally, *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), and to interpret a *pro se* plaintiff's claims as raising the strongest arguments that they suggest. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Department of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). With these principles in mind, the Court accepts the following allegations from

Plaintiff's complaint ("Compl.") and Opposition to Defendants' Motion to Dismiss[1] ("Pl.'s Opp.") as true for purposes of this motion. *See Koch v. Christie's International PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014) ("Where new allegations in a *pro se* plaintiff's opposition memoranda are consistent with the allegations contained in the Complaint, they may be read as supplements to the pleadings.") (citation and internal quotation marks omitted). In addition, the Court considers Plaintiff's filings with the Equal Employment Opportunity Commission ("EEOC"). *See Littlejohn v. City of New York*, 795 F.3d 297, 305 n.3 (2d Cir. 2015) ("In reviewing a Rule 12(b)(6) motion to dismiss, 'it is proper for this court to consider the plaintiff[']s relevant filings with the EEOC and other documents related to plaintiff's claim, even if they are not attached to the complaint, so long as those filings are either 'incorporate[d] by reference' or are 'integral to' and 'solely relie[d]' upon by the complaint.") (citation omitted).

Plaintiff was diagnosed with schizophrenia in 1997. Compl. at 72.[2] On October 6, 2014, she was hired by the New York City Health + Hospitals to work as a Peer Counselor at Kings County Hospital Center ("KCHC"). Compl. at 82. Plaintiff alleges that her supervisor, Melissa Walters, mistreated and verbally abused her throughout her time at KCHC. *See* Compl. at 3, 5, 86. According to Plaintiff, Walters was aware of Plaintiff's disability since the moment she was hired. Pl.'s Opp. at 5. The complaint is in essence a chronology of contentious interactions between Plaintiff and Walters from December 2014 to April 2016. *See* Compl. 8–47; Opp. at 5–14. Plaintiff's opposition to Defendants' motion also primarily consists of the same factual

---

[1] Plaintiff's response to Defendants' motion to dismiss was titled and docketed as a "Declaration." *See* Doc. 29. Because Plaintiff intended to file an opposition to the motion, the Court will refer to the document as such.

[2] Due to Plaintiff's failure to number the paragraphs, the Court will refer to the pagination of the complaint on the ECF system. The Court will treat the complaint and attachment as a single document.

allegations. While too numerous to include here, the Court summarizes some of the alleged interactions between Plaintiff and Walters for the sake of illustration:

- Plaintiff alleges that in December 2014, Walters accused her of sitting in a room doing nothing during work hours and told her that she was not "fit for the job." Compl. at 9; Pl.'s Opp. at 7.

- Plaintiff alleges that in January 2015, Walters discredited her work ability "in an abusive and cruel tone" and told her that she could not give her a good evaluation because some of her colleagues had complained that she was dismissive and belligerent. Compl. at 12; Pl.'s Opp. at 9. According to Plaintiff, Walters approached her the following day and told her that people complained about her lipstick color and that it was Walters' responsibility to tell her if she was dressing provocatively. Compl. at 13.

- Plaintiff alleges that during an August 7, 2015 meeting about patients wearing sleepwear during a visit from the Department of Justice, she expressed an opinion and Walters angrily put her hand in her face and scolded her. Compl. at 86; Pl.'s Opp. at 10.

Plaintiff contends that Walters' behavior severely impacted her disability. *See* Pl.'s Opp. at 3–4, 17–21. In particular, Plaintiff asserts that Walters' emotionally abusive treatment of her triggered a decline in her mental health, causing her to become violent and angry and preventing her from being able to work. *See id.* On February 24, 2016, Plaintiff requested a four-week leave of absence pursuant to the Family and Medical Leave Act ("FMLA"), claiming that she was unable to perform her job functions as a result of her mental illness and would benefit from taking time off from work. Compl. at 70–74. Plaintiff's request was granted and her leave was subsequently extended on two occasions after her psychiatrist informed KCHC that she was not ready to return to work. *See id.* at 75–76. On March 21, 2016, she filed an application seeking worker's compensation benefits on the basis that Walters' harassment and negative feedback regarding her job performance had affected her physical and emotional health and overall well-being. Compl. at 77–78.

Plaintiff's FMLA leave expired on June 28, 2016.  *See* Pl.'s Opp. at 40.  Plaintiff, however, did not return to work.  *Id*.  KCHC sent her multiple letters informing her that she was "Absent Without Official Leave" or "AWOL" and that she could be subject to disciplinary action, including termination.  *See* Pl.'s Opp. at 40–42.  After two disciplinary hearings—which Plaintiff did not attend despite having been provided notice—Plaintiff's employment was terminated on January 20, 2017, as a result of her failure to return to work after her FMLA leave expired.  *See id*. at 44–50.  Plaintiff does not allege that her termination was discriminatory or violated the ADA.

## II. **Procedural History**

During her FMLA leave, Plaintiff filed a complaint with the EEOC alleging discrimination on the basis of her disability on April 8, 2016, and the EEOC issued a dismissal and right-to-sue letter on April 13, 2016.  *Id*. at 6–7, 80–85.  Plaintiff brought this action on April 27, 2016.  Doc 2.  Defendants moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 21, 2017.  Doc. 26.

## III. **Legal Standard**

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  The court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at

570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680.

The question in a Rule 12 motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 278 (2d Cir. 1995)) (internal quotation marks omitted). "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits,'" and without regard for the weight of the evidence that might be offered in support of Plaintiff's claims. *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (quoting *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)).

The same standard applies to motions to dismiss *pro se* complaints. *See Zapolski v. Federal Republic of Germany*, 425 F. App'x 5, 6 (2d Cir. 2011). While the Court is duty-bound to construe a *pro se* complaint liberally, *Curcione*, 657 F.3d at 122, "even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level. *Jackson v. N.Y.S. Department of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A *pro se* plaintiff's pleadings still must contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 566 U.S. at

678. A complaint that "tenders naked assertion[s] devoid of further enhancement" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted); *see also Triestman*, 470 F.3d at 477 ("[P]ro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Additionally, "[a] district court deciding a motion to dismiss *may* consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (emphasis added).

## IV. Discussion

Plaintiff alleges that Defendants violated the ADA by (1) discriminating against her by failing to accommodate her disability and treating her unfairly, (2) retaliating against her for trying to get a reasonable accommodation, and (3) creating a hostile work environment. *See* Compl. at 3; Pl.'s Opp. at 1. At the outset, Defendants argue that Plaintiff's ADA claims against Walters must be dismissed because there is no individual liability under the ADA. Defs.' Mem. at 7. Defendants are correct. *See, e.g.*, *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) ("[I]n the context of employment discrimination, the retaliation provision of the ADA . . . cannot provide for individual liability."); *Ivanov v. N.Y.C. Transit Authority*, 13 Civ. 4280, 2014 WL 2600230, at *5 (S.D.N.Y. June 5, 2014) ("[A]n individual is . . . not an 'employer' under the ADA and, therefore, may not be liable for disability discrimination."); *Nelson v. City of New York*, 11 Civ. 2732, 2013 WL 4437224, at *14 (S.D.N.Y. Aug. 19, 2013) ("It is well established that there is no individual liability under the ADA . . . ."). Accordingly, Defendants' motion to dismiss Plaintiff's claims against Walters is GRANTED.

The Court addresses Plaintiff's claims against KCHC in turn.

### A. ADA Discrimination Claim

The ADA prohibits discriminating against a person because of the disability of such individual "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA defines "discrimination" to include, *inter alia*, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless . . . [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the . . . [employer's business]." *Id*. § 12112(b)(5)(A). Employment discrimination claims under the ADA are analyzed under the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Kovaco v. Rockbestos*, 834 F.3d 128, 136 (2d Cir. 2016). Under that framework, the plaintiff must first establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for its actions. *Id.* at 802–03. If the defendant satisfies its burden, the burden shifts back to the plaintiff to demonstrate that the proffered reason is pretextual. *Id.* at 803. Ultimately, the plaintiff will be required to prove that the defendant acted with discriminatory motivation. *See Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015).

In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate that: (1) his employer is subject to the ADA; (2) he is disabled within the meaning of the ADA; (3) he is otherwise qualified to perform the essential functions of his job with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability. *Rios v. Department of Education*, 351 F. App'x 503, 505 (2d Cir. 2009) (citing

*Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004)). In the context of disability discrimination arising from a failure to accommodate, a plaintiff must show that with reasonable accommodation, he could perform the essential functions of the job at issue and that the employer refused to make such accommodations. *McBride v. BIC Consumer Products Manufacturing Co.*, 583 F.3d 92, 97 (2d Cir. 2009) (quoting *Rodal v. Anesthesia Group of Onondaga*, P. C., 369 F.3d 113, 118 (2d Cir.2004)) (internal quotation mark omitted).

Plaintiff's ADA discrimination claim appears to rely on two separate theories. First, she claims that Defendants failed to provide her with "any reasonable accommodations to provide patient care or to teach patients how to actively live in the community." Pl.'s Opp. at 1. Second, Plaintiff claims in her opposition memorandum that she suffered disability discrimination when Walters abused her in the workplace, casting many of the instances of mistreatment by Walters previously alleged in her complaint as "adverse employment actions." *See* Pl.'s Opp. at 6–14.

With respect to Plaintiff's claim that Defendants failed to provide reasonable accommodation, Defendants do not dispute the first three elements of the *prima facie* case (i.e., that KCHC is subject to the ADA, that Plaintiff is disabled within the meaning of the ADA, and that she could perform the essential functions of her job with reasonable accommodation.). Instead, they argue that Plaintiff's claim fails because she does not allege that she ever requested a reasonable accommodation or that she was ever refused a reasonable accommodation. Defs.' Reply at 4. According to Defendants, because Plaintiff never requested an accommodation, Defendants never had the opportunity to accommodate her. *Id*.

Taking all of her allegations as true, Plaintiff's reasonable accommodation claim fails because she does not allege that Defendants knew or should have known of the need for an accommodation, and thus fails to allege that they refused an accommodation. The complaint and

8

opposition to Defendants' motion contain no allegation, for example, that Plaintiff ever requested an accommodation for her mental illness disability at any time. *See, e.g.*, *Dooley v. Jet Blue Airways Corp.*, 636 Fed. App'x. 16, 18–19 (2d Cir. 2015) ("[A]n employer cannot refuse to make an accommodation that it was never asked to make.") (citations and internal quotation marks omitted); *Rosario v. City of New York*, No. 11 Civ. 9008 (PAC) (SN), 2013 WL 782408, at *10 (S.D.N.Y. Jan. 9, 2013) (dismissing failure to accommodate claim where plaintiff "[had] not alleged that defendants were aware of the need for reasonable accommodation before his request"), *report and recommendation adopted*, 2013 WL 782581 (S.D.N.Y. Mar. 1, 2013); *Canales-Jacobs v. N.Y. State Office of Court Administration*, 640 F. Supp. 2d 482, 499–500 (S.D.N.Y. 2009) (collecting cases).

It is true that in cases in which the disability was known or obvious, and the employer thus knew or reasonably should have known of the need for an accommodation, an employee need not issue an express request for accommodation. *See, e.g.*, *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 135 (2d Cir. 2008); *Felix v. N.Y.C. Transit Authority*, 154 F. Supp. 2d 640, 657 (S.D.N.Y. 2001), *aff'd*, 324 F.3d 102 (2d Cir. 2003). Here, Plaintiff's allegations do not support an inference that Defendants knew or should have known that she required an accommodation. While she alleges that Defendants knew about her mental illness, there is no indication that Defendants were on notice that her difficulties at work and with her supervisor stemmed from her disability. Plaintiff simply fails to allege that Defendants refused to provide reasonable accommodation. *See Jordan v. Forfeiture Support Associates.*, 928 F. Supp. 2d 588, 609 (E.D.N.Y. 2013) (dismissing accommodation claim where plaintiff failed to allege that "she needed, requested, or was refused an accommodation") (citation omitted); *MacEntee v. IBM*, 783 F. Supp. 2d 434, 444 (S.D.N.Y. 2011) (dismissing accommodation claim where allegations

showed defendant was "not given the opportunity to offer, or refuse" an accommodation and "had no actual or constructive knowledge of the need for any accommodations"), *aff'd*, 471 Fed. App'x. 49 (2d Cir. 2012); *Maisonet v. Metropolitan Hospital & Health Hospital Corp.*, 640 F. Supp. 2d 345, 350 (S.D.N.Y. 2009) (dismissing accommodation claim because complaint contained "no factual allegations relating to a failure on the part of [defendants] to provide reasonable accommodation for [plaintiff's] alleged disability"). Accordingly, Defendants' motion to dismiss Plaintiff's reasonable accommodation claim is GRANTED.

With respect to Plaintiff's claim that she suffered disability discrimination as a result of Walters' abuse and mistreatment, Defendants argue that Plaintiff's discrimination claim must be dismissed because she fails to allege that she suffered any adverse employment action *because* of her disability. Defs.' Mem. at 9; Defs.' Reply at 8. Defendants also contend that Walters' conduct and decisions regarding Plaintiff did not rise to the level of adverse employment actions.[3] *See* Defs.' Mem. at 10.

Plaintiff's discrimination claim arising from Walters' conduct fails because she does not allege that Walters was motivated in any way by her schizophrenia. Throughout her complaint and opposition memorandum, Plaintiff describes numerous times when Walters allegedly treated her unfairly, gave her negative feedback, spoke to her in an abusive and cruel tone, and reprimanded her. *See* Compl. at 8–29; Pl.'s Opp. at 6–14. She also asserts that Walters' behavior impacted her physical health, emotional stability, and overall well-being, leaving her unable to work. Compl. at 83, 86. However, she never alleges that Walters mistreated or abused her *because* she was schizophrenic, and thus fails to allege a *prima facie* case of ADA

---

[3] As stated above, Plaintiff does not appear to base her ADA discrimination claim on KCHC's termination of her employment. She does not dispute that she was terminated for failing to return to work after her FMLA leave expired, thus a claim that her termination violated the ADA would fail in any event.

discrimination. Whether Plaintiff's mental illness was exacerbated by Walters' conduct or other work-related stress is inconsequential to her claim that she suffered discrimination on account of her mental illness. Accordingly, to the extent Plaintiff alleges that Walters' abusive conduct amounted to discrimination under the ADA, Defendants' motion to dismiss is GRANTED.

### B. ADA Retaliation Claim

The ADA prohibits, *inter alia*, retaliation against any individual who has asserted rights under the ADA:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C. § 12203(a). For an ADA retaliation claim to survive a motion to dismiss, a plaintiff must plausibly allege that: (1) his employer took an adverse employment action against him, (2) because he opposed an unlawful employment practice. *Riddle v. Citigroup*, 640 F. App'x 77, 79 (2d Cir. 2016) (citation and internal quotation marks omitted). To sufficiently plead causation, the plaintiff must plausibly allege a connection between the adverse action and participation in protected activity. *Id*. Furthermore, the plaintiff must allege that the retaliation was the "but-for" cause of the adverse action. *Id*.

Plaintiff refers to alleged retaliation only once in her pleading and submissions in this action—she states at the beginning of her opposition memorandum that Defendants retaliated against her for trying to get a reasonable accommodation. *See* Pl.'s Opp. at 1. Other than cursorily alleging that Defendants "retaliated" against her, Plaintiff fails to identify any concrete adverse employment actions taken against her as a result of a request for an accommodation. She also fails to allege that her supposed request for an accommodation was the single motivating factor of any actions taken against her. Moreover, her single statement that she

attempted to get a reasonable accommodation is conclusory at best—she does not provide any factual allegations of how or when she requested an accommodation or what accommodation she requested. Accordingly, her ADA retaliation claim fails to meet the pleading standard and Defendants' motion to dismiss is GRANTED.

## V. ADA Hostile Work Environment Claim

Plaintiff brings a hostile work environment claim under the ADA based on Walters' conduct. *See* Pl.'s Opp. at 3–5. As a threshold matter, the Second Circuit has not decided whether a hostile work environment claim is cognizable under the ADA. *See Robinson v. Dibble*, 613 Fed. App'x. 9, 13 n. 2 (2d Cir. 2015) (summ. order) ("We have not yet decided whether a hostile work environment claim is cognizable under the ADA."). District courts within this Circuit, however, have recognized such claims, applying the same standard applicable to hostile work environment claims under Title VII. *See Christiansen v. Omnicom Group, Inc.*, 167 F. Supp. 3d 598, 612–13 (S.D.N.Y. 2016), *aff'd in part, rev'd in part*, 852 F.3d 195 (2d Cir. 2017). The standard, however, is a "demanding one," and a plaintiff must establish that the alleged harassment was "offensive, pervasive, and continuous enough" to create an abusive working environment. *See, e.g., Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 584–85 (S.D.N.Y. 2008); *Scott v. Memorial Sloan–Kettering Cancer Center*, 190 F. Supp. 2d 590, 599 (S.D.N.Y. 2002). To succeed on a hostile work environment claim, "[t]he plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [his] employment were thereby altered." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). Furthermore, a plaintiff must allege that she was subjected to hostility because of her membership in a protected class. *MacEntee*, 783 F.

Supp. 2d at 445 (quoting *Brennan v. Metropolitan Opera Association*, 192 F.3d 310, 318 (2d Cir.1999).

Defendants contend that Plaintiff's hostile work environment claim should be dismissed because she fails to provide a single example of how Walters harassed her because of her disability. The Court agrees. As stated above with respect to Plaintiff's discrimination claim, she never alleges that Walters mistreated or abused her *because* she was schizophrenic. Workplace harassment is only actionable under the ADA if it was motivated by a plaintiff's disability. *See id*. Accordingly, Plaintiff fails to sufficiently plead a hostile work environment claim under the ADA and Defendants' motion to dismiss is GRANTED.

## VI. Leave to Amend

The Second Circuit has instructed Courts not to dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)) (internal quotation marks omitted). As it is not apparent that any further opportunity to amend would be futile, the Court dismisses Plaintiff's claims *without prejudice*.

## VII. Conclusion

For the reasons set forth above, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED in full. Plaintiff may file an amended complaint, if at all, by February 16, 2018. If an amended complaint is not filed by that date, the case will be closed.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the motion, Doc. 26.

It is SO ORDERED.

Dated: January 11, 2018
New York, New York

Edgardo Ramos, U.S.D.J.